**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DAVID KATSARIS,**

                **Plaintiff,**

          **v.**                         **Civil No. 6:01-CV-1002 (GLS)**

**COMMISSIONER OF SOCIAL SECURITY,**

                **Defendant.**
_____

**APPEARANCES:**          **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Office of Edward Waples      EDWARD T. WAPLES, ESQ.
84 Court Street, Ste. 200
Binghamton, New York 13901

**FOR THE DEFENDANT:**

HON. GLENN T. SUDDABY      WILLIAM H. PEASE
United States Attorney           Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, New York 13261-7198

**Gary L. Sharpe**
**U.S. District Judge**

## **DECISION AND ORDER**

### **I. Introduction**

On June 20, 2001, David Katsaris (Katsaris) challenged the denial of disability benefits by the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). Having reviewed the administrative record, the court affirms the Commissioner's decision because it was based on substantial evidence.

### **II. Procedural History**

After Katsaris filed for disability benefits[1] in July 1997, his application was denied, and a hearing was conducted by Administrative Law Judge (ALJ) Daniel G. Heely. On March 17, 1999, the ALJ issued a decision denying benefits, and that decision became the Commissioner's final determination.

### **III. Contentions**

Katsaris contends that the Commissioner's decision is not supported by substantial evidence. More specifically, he claims that the ALJ: (1) disregarded the opinion of his treating sources and (2) mischaracterized his

---

[1] Katsaris met the Social Security Act insured status requirements in October 1996, and he continued to meet them through December 31, 2001. (Tr. 21). "(Tr. )" refers to the page of the Administrative Transcript in this case.

2

daily activities.  The Commissioner counters that substantial evidence supports the ALJ's disability decision.

## IV.  Facts

The evidence in this case is undisputed, and the court adopts the parties' factual recitations.  *See Pl.'s Br., p. 2,[2] Dkt. No. 5; Def.'s Br., pp. 3-4, Dkt. No. 6.*

## V.  Discussion

### A.  Standard and Scope of Review

A court's review of the Commissioner's final decision is limited to determining whether the correct legal standards were applied and whether substantial evidence supports the decision.  *Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)).  Although the Commissioner is ultimately responsible for determining a claimant's eligibility, the actual disability determination is made by an ALJ.  The ALJ's decision is subject to judicial review.  A court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if it appears to be supported by

---

[2]Katsaris's brief does not contain page numbers.  The court will refer herein to the pages as if they are numbered, assigning number 1 to the "Issue" page.

3

substantial evidence. *Johnson*, 817 F.2d at 986. In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g); *see Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). "Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted). It must be "more than a mere scintilla" of evidence scattered throughout the administrative record. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258. However, a reviewing

4

court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision.  *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972); *see also Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

The court has authority to reverse with or without remand.  42 U.S.C. § 405(g).  Remand is appropriate where there are gaps in the record or further development of the evidence is needed.  *See Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980); *Cutler v. Weinberger*, 516 F.2d 1282, 1287 (2d Cir. 1975) (remand to permit claimant to produce further evidence).  Reversal is appropriate, however, when there is "persuasive proof of disability" in the record and remand for further evidentiary development would not serve any purpose.  *Parker*, 626 F.2d at 235; *Simmons v. United States R.R. Ret. Bd.*, 982 F.2d 49, 57 (2d Cir. 1992); *Carroll v. Sec'y of HHS*, 705 F.2d 638, 644 (2d Cir. 1983) (reversal without remand for additional evidence particularly appropriate where payment of benefits already delayed for four years and remand would likely result in further lengthening the "painfully slow process" of determining disability).

**B.  Five-Step Disability Determination**

The definition of "disabled" is the same for purposes of receiving

Social Security Disability Insurance (SSDI) and Supplemental Security Income (SSI) benefits. To be considered disabled, a plaintiff seeking SSDI or SSI benefits must establish that he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months...." 42 U.S.C. §§ 423(d)(1)(A),1382c(a)(3)(A).[3] The Commissioner uses a five-step process to evaluate SSDI and SSI claims. 20 C.F.R. §§ 404.1520, 416.920.[4] Step One requires the ALJ to

---

[3]In addition, a claimant's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Therefore, a plaintiff must not only carry a medically determinable impairment but an impairment so severe as to prevent him from engaging in any kind of substantial gainful work which exists in the national economy.

[4] The court notes that revised versions of these sections came into effect in September 2003. *See* 68 Fed. Reg. 51161, 51164 (Aug. 26, 2003). In the revised versions, paragraph (e) clarifies the application of the RFC determination. New paragraphs (f) and (g), with certain modifications, correspond to the prior versions' paragraphs (e) and (f), respectively. These revisions do not affect the Five-Step Disability Determination sequence. The revised versions have no effect on the outcome of this case. For considerations of uniformity, and because the ALJ's decision came under the old versions, the court retains the old nomenclature in its analysis.

6

determine whether the claimant is presently engaging in substantial gainful activity (SGA).  20 C.F.R. §§ 404.1520(b), 416.920(b).  If a claimant is engaged in SGA, he will not be considered disabled.  If the claimant is not engaged in SGA, Step Two requires the ALJ to determine whether the claimant has a severe impairment.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant is found to suffer from a severe impairment, Step Three requires the ALJ to determine whether the claimant's impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 §§ 404.1520(d), 416.920(d).  If the impairment meets or equals a listed impairment, the claimant is presumptively disabled.  *Ferraris*, 728 F.2d at 584.  If the claimant is not presumptively disabled, Step Four requires the ALJ to consider whether the claimant's Residual Functional Capacity (RFC) precludes the performance of her past relevant work.  20 C.F.R. §§ 404.1520(e), 416.920(e).  At Step Five, the ALJ determines whether the claimant can do any other work.  20 C.F.R. §§ 404.1520(f), 416.920(f).

The claimant has the burden of showing that he cannot perform past relevant work.  *Ferraris*, 728 F.2d at 584.  However, once the claimant meets that burden, benefits can only be denied by showing, with specific reference to medical evidence, that the claimant can perform some less

7

demanding work. *See White v. Sec'y of HHS*, 910 F.2d 64, 65 (2d Cir. 1990); *Ferraris*, 728 F.2d at 584. In making this showing, the ALJ must consider the claimant's RFC, age, education, past work experience, and transferability of skills, to determine if the claimant can perform other work existing in the national economy. 20 C.F.R. §§ 404.1520(f), 416.920( f); *see New York v. Sullivan*, 906 F.2d 910, 913 (2d Cir. 1990).

Here, the ALJ found that Katsaris satisfied Step One because he had not worked since October 1996, the alleged onset day of his disability. In Step Two, the ALJ determined that he suffered from degenerative disc disease of the lumbosacral spine and optic atrophy of the right eye. In Step Three, the ALJ determined that his impairments failed to equal an impairment or combination of impairments listed in, or medically equal to, one listed in Appendix 1, Subpart P, Regulations No. 4. In Step Four, the ALJ determined that Katsaris was unable to perform his past relevant work as a parts assembler at a manufacturing plant. In Step Five, the ALJ determined that Katsaris possessed the RFC for light work.[5] Consequently, he found Katsaris not disabled and denied benefits.

---

[5] Light work requires an ability to lift "no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). In addition, "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." Social Security Ruling (SSR) 83-10.

## C. Treating Physician Rule

Katsaris argues that the ALJ disregarded the opinion of his treating source. He maintains that the opinion of Dr. Desai, Kastaris's treating physician, should have been given controlling weight. Katsaris asserts that the ALJ instead accepted the opinions of non-examining consultants, and disregarded Dr. Desai's disability determination.

Generally, the opinion of a treating physician is given controlling weight if it is based upon well-supported, medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see Schaal v. Apfel*, 134 F.3d 496 (2d Cir. 1998). An ALJ may not arbitrarily substitute his own judgment for a competent medical opinion. *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999). If the treating physician's opinion is not given "controlling weight," the ALJ must assess several factors to determine how much weight to afford the opinion. The factors are: the length of the treatment relationship, the frequency of examination by the treating physician for the condition(s) in question, the medical evidence supporting the opinion, the consistency of the opinion with the record as a whole, the qualifications of the treating physician, and other factors tending

9

to support or contradict the opinion.  20 C.F.R. §§ 404.1527(d)(2)-(6), 416.927(d)(2)-(6).

Moreover, the "ultimate finding of whether a claimant is disabled and cannot work is 'reserved to the Commissioner.'"  *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (citation omitted).  "That means that the Social Security Administration considers the data that physicians provide but draws its own conclusions."  *Id.*  Thus, a treating physician's disability assessment is not determinative.  *Id.*  Furthermore, where the evidence of record includes medical source opinions that are inconsistent with other evidence or are internally inconsistent, the ALJ must weigh all of the evidence and make a disability determination based on the totality of that evidence.  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

Katsaris contends that the ALJ erred when he relied on the opinions of non-examining consultants instead of his treating physician.  This contention is without merit.  As mentioned, the final determination of disability is reserved for the Commissioner.  The opinion of Katsaris's treating physician was not binding on the ALJ.

In addition, Dr. Desai's December 1997 statement that Katsaris was "not able to relieve the symptoms enough to go back to any gainful

10

employment" is inconsistent with the other medical evidence in the record. (Tr. 225). Katsaris's other treating physicians, Drs. Storrs and Thomas, noted that Katsaris was able to "move freely around the room without apparent difficulty" and was "in no acute distress." (Tr. 138, 168).

Dr. Storrs's physical examination of Katsaris revealed no evidence of focal motor weakness or atrophy, and a sensory examination was benign. Furthermore, there was no evidence of any herniated disc or nerve root compression. (Tr. 138). Dr. Thomas's evaluation revealed that Katsaris was able to walk on his toes and heels. Dr. Thomas also noted that there was no evidence of sensory deficit or motor weakness in the lower extremities. (Tr. 168). Therefore, the ALJ's rejection of Dr. Desai's opinion was proper and he appropriately found that Katsaris maintained the RFC for light work. Accordingly, the ALJ's decision was not contrary to the law, and his decision was supported by substantial evidence.

## D. Daily Activities

Katsaris contends that the ALJ mischaracterized his daily activities. Katsaris testified that he was able to drive and did so on a daily basis. (Tr. 33). He also testified that he grocery shopped, used the steam room at the local Boys Club five or six times a week, and mowed a three-thousand

11

square-foot lawn. (Tr. 33, 45, 46). "A claimant is not required to be in a vegetative state before being deemed disabled for purposes of receiving benefits." *Doyle v. Apfel*, 105 F. Supp 2d 115, 120 (E.D.N.Y. 2000). However, here the ALJ gave appropriate weight to Katsaris's testimony and considered Katsaris's daily activities in the aggregate. Taken as a whole, his daily activities belie his claim of disability. Accordingly, the ALJ's decision was not contrary to the law, and his decision was based on substantial evidence.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED**, that the decision denying benefits is AFFIRMED; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order upon the parties.

**IT IS SO ORDERED.**

October 28 , 2005
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge

12